UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAR 30  AM 8: 21

CLERK

BY_____

DEPUTY CLERK

5:18-cv-58

| | | |
|---|---|---|
| BARBARA MCGREW, LYNN | * | Civil Action No. |
| MARTIN, MICHAEL LONG, | * | |
| and STEVEN GOODKIND, | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF BURLINGTON, | * | |
| VERMONT,  DEVONWOOD | * | |
| INVESTORS, LLC, and | * | |
| BTC MALL ASSOCIATES, LLC, | * | |
| Defendants | * | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## UNDER THE FEDERAL CIVIL RIGHTS ACT
## FOR VIOLATION OF 14th AMENDMENT PROCEDURAL DUE PROCESS

### PARTIES

1)      Plaintiffs are residents of Burlington, Vermont.

2)      The City of Burlington is a Vermont municipal corporation.

3)      Devonwood Investors, LLC. is a non-resident limited liability company with principal offices at 1 North End Avenue, New York, New York 10017, and with local offices at 101 Cherry Street, Suite 440, Burlington, VT. 05401.

4)      BTC Mall Associates, LLC. is a non-resident limited liability company with principal offices at 101 Cherry Street, Suite 440, Burlington, VT. 05401.

### JURISDICTION

3)      The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over state law questions is provided by 28 U.S.C. §1367.

Law Office of John L. Franco, Jr. 110 Main Street Burlington, Vermont 05401
(802) 864-7207
johnfrancolaw@aol.com

**FACTS**

**The *Settlement Agreement***

4)      These plaintiffs had brought a series of legal challenges to the redevelopment being proposed for the former Burlington Square Mall at 75 Cherry Street in Burlington, now referred to as *City Place Burlington.*

5)      Barbara McGrew individually and Steven Goodkind on his own behalf and on behalf of a group of individuals had brought an appeal in *Devonwood Investors, LLC (75 Cherry Street)*, Vermont Superior Court, Environmental Division, Docket Number 39-4-17 Vtec regarding the local land use approval issued by the Burlington Development Review Board (DRB) on March 17, 2017 to Devonwood Investors, LLC on behalf of the property owner BTC Mall Associates, LLC.

6)      Barbara McGrew individually brought the appeal *Devonwood Investors, LLC JO 4-255*, Vermont Superior Court, Environmental Division, Docket Number 63-5-17 Vtec claiming that Act 250 had jurisdiction to also review the proposal.

7)      Steven Goodkind, Michael Long and Lynn Martin in Counts I, II, and III of *Long et. al. v. City of Burlington et. al.* Vermont Superior Court, Civil Division, Docket No. 996-11-16 Cncv brought a taxpayer challenge to $22 million in Tax Increment Financing (TIF) provided by State and City property taxpayers to BTC Mall Associates to subsidize the project, and in Count IV of that action also as individual plaintiffs challenged a denial of a request for public records regarding that subsidy.

8)      These claims were all settled and compromised in a global *Settlement Agreement* between the plaintiffs and Devonwood. These actions were each dismissed by the

Law Office of John L. Franco, Jr. 110 Main Street Burlington, Vermont 05401
(802) 864-7207
johnfrancolaw@aol.com

plaintiffs with prejudice and/or they individually withdrew as per the *Settlement Agreement*.

9)      That *Settlement Agreement* provided for additional permit conditions "consistent with changes to mitigate concerns raised by Appellants by adding subsurface parking capacity for approximately 200 automobiles in the Project."

10)     Paragraph 3 of that *Settlement Agreement* incorporated by reference a *Stipulation for Final Judgment* along with a *Proposed Judgement Order*.

11)     The *Stipulated Findings of Fact Supporting Final Judgment* were approved and signed by the plaintiffs, Devonwood and the City.

12)     The *Proposed Judgment Order* was adopted by the Vermont Superior Court Environmental Division as a *Judgment Order* on July 17, 2017.

13)     The *Judgment Order* specified that it was approving "the Devonwood Investors LLC 75 Cherry Street Project as approved by the City of Burlington DRB on March 17, 2017 and modified by Exhibit 1, adding parking capacity for approximately 200 automobiles in the Project's basement level."

14)     The March 17, 2017 DRB approval incorporated by reference into the *Judgement Order* is for 761 parking spaces in four of the above ground floors.

## The "Administrative" Amendments to the *Settlement Agreement* and *Judgment Order.*

15)     On February 23, 2018 the City of Burlington zoning administrator administratively amended that *Judgment Order* as a "minor" permit amendment, that is, without approval of the DRB.

16)     This was done in express violation of the DRB's *Conditions of Approval #4* which provides "*That any future enlargement or alteration of the use return to the DRB to permit the specifying of new conditions.*" (Emphasis original).

### Reduction in Onsite Parking.

17)     The amendments

• reduced the total number of open, tandem and stacked parking spaces provided in *Settlement Agreement* by 294 spaces from 961 to 667 spaces;

• reduced the total number of open, tandem and stacked parking spaces on the above ground floors by 184 spaces from 761 to 577;

• reduced the total number of open, tandem and stacked parking spaces on the basement floor by 110 spaces from 200 to 90 spaces; and

• reduced the overall area of floor space to be dedicated to above ground parking by over 39,000 sf and of the basement floor area by about 40%.

18)     The amendments purport to add 205 "valet" spaces, but these spaces

• are crammed into the aisles of the floors, obstructing vehicular circulation in violation of the requirements of §8.1.11 Parking Dimensional Requirements of the parking ordinance which provides that the parking dimensional standards "shall be used to ensure safe, adequate, and convenient access and circulation;"

• leave insufficient aisle space for fire lanes, emergency vehicles, or safe egress from the building;

• in many cases do not even leave enough space between vehicles to easily get in and out of them;

• are parked perpendicular to the stacked spaces, blocking the ingress and egress into those stacked spaces in violation of §8.1.14 Stacked and Tandem Parking Restrictions of the zoning ordinance;

• have stacked spaces more than 3 spaces deep also in violation of the same section of the ordinance;

• fail in many cases to meet the minimum width and length requirement of the ordinance Table 8.1.11-1 Minimum Parking Dimensions;

Law Office of John L. Franco, Jr. 110 Main Street Burlington, Vermont 05401
(802) 864-7207
johnfrancolaw@aol.com

> • combine to make the parking and retrieving of vehicles on these floors a Rubik's cube exercise, resulting in a huge loss of level of service;
>
> • increase waiting times for parking and retrieving vehicles, resulting in backups into the adjoining streets, or a diminution in use of the facility because of an unacceptable level of service.

19)     No analysis was provided of what effect this will have on delay times in parking and retrieving vehicles, or a traffic analysis of the resulting backups into the adjoining streets.

### Relocation of the Parking Floors and Displacement of First Floor Retail Space

20)     The amendments relocate the above ground parking from floors 2-5 to floors 1-4. The resulting new first floor parking

> • displaces a considerable amount space previously designated for the retail first floor;
>
> • removes any first floor retail abutting the new section of Pine Street to be extended from Bank to Cherry Streets;
>
> • in turn create a wall which faces the other wall created by the disconnection with the east side of the Macy's Building; and
>
> • ignored the ordinance's required 20 foot buffer between parking and the street.

21)     None of this went through design review.

22)     Also no floor plans at all were submitted or approved showing the use of the 5th floor, which is now freed of parking.

### Increase in Residential Units

23)     The amendments increased the square footage devoted to residential use by just under 43 thousand sf. and an additional 16 units over the number allowed by the DRB's 2017 decision.

Law Office of John L. Franco, Jr. 110 Main Street Burlington, Vermont 05401
(802) 864-7207
johnfrancolaw@aol.com

24) The amendments were requested on behalf of BTC Mall Associates on January 26, 2018 by Jesse Beck of Freeman French and Freeman architects.

25) According to the narrative submitted on February 15, 2018 by Mr. Beck in support of the amendments, the stated purpose of the reduction in the square footage for parking on the upper floors is to accommodate "Added Wrapper Housing" for 288 residential units.

26) This was accomplished by the addition of "wrapped" residential units on the east and west ends of the second, third and fourth parking floors, none which was found in the DRB's 2017 approval.

## Plaintiffs Wish to Enforce the *Settlement Agreement.*

27) Paragraph 9 of the *Settlement Agreement* provides that it "may not be amended, modified, or terminated except by written consent signed by all the parties hereto."

28) Devonwood and BTC Mall did not obtain the written consent of the plaintiffs for these amendments.

29) Devonwood and BTC Mall did not give the plaintiffs actual notice that the amendments were being considered, had been applied for, or had been granted, all in violation of the implied covenant of good faith and fair dealing that accompanies the *Settlement Agreement.*

30) Plaintiffs wish to enforce the *Settlement Agreement,* the implied covenant, and the *Judgment Order* in the Vermont Superior Court.

**Blocking of Plaintiffs' Access to the Vermont Courts**

31)     The plaintiffs' access to the Vermont courts to do that has, however been blocked by its use of the "minor" permit amendment mechanism by the City which requires under 24 V.S.A. § 4449(b) only "posting" notice of the administrative decision.

32)     The City did not provide any actual notice to the plaintiffs that the amendments either had been applied for by BTC Mall Associates or approved.

33)     The City used only the "posting notice" required by 24 V.S.A. § 4449(b).

34)     Because the City did not provide plaintiffs with such actual notice, they were unaware of BTC Mall's or the City's actions, especially Barbara McGrew who was at the time wintering in Florida.

35)     This allowed the 15 day period for appeal of the administrative decision to the DRB provided by 24 V.S.A. § 4465(a) to slip by unnoticed.

36)     The exclusive remedy provisions of the Vermont Planning Act, 24 V.S.A. § 4472(d) bars them from now contesting these amendments either directly or indirectly because they did not first take a timely appeal to the DRB required by 24 V.S.A. § 4465(a) within 15 days of the administrative action approving the amendments.

**Actual Notice to the Plaintiffs by the City Was Required By Procedural Due Process**

37)     Vermont law recognizes that parties rely on permit conditions designed to mitigate the impact of proposed developments, especially when they are part of a judgment which is the product of a settlement agreement.

38)     Vermont law recognizes parties have a right to rely on the finality of zoning permit decisions under the "successive application doctrine."

39)     A state-created right to redress a grievance is a property right.

7

40)     Access to the courts is also a fundamental First Amendment right to redress of grievances.

41)     Given these interests, the plaintiffs have sufficient property and liberty interests therein to warrant the protection of 14th Amendment procedural due process.

42)     The posting notice given by the City under 24 V.S.A. §4449(b) was insufficient under 14th amendment procedural due process. Instead, actual notice by the City to plaintiffs of the approval of the administrative amendments, at minimum by first class mail, was required by *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983).

**RELIEF REQUESTED**

43)     The plaintiffs seek a declaratory judgment under the federal Civil Rights Act, 42 U.S.C. §1983, that

> (i) the City's failure to provide them with actual notice of Devonwood's permit amendments application and timely notice of the City's approval of them violated the Due Process clause of the 14th Amendment;
>
> (ii) the February 23, 2018 permit amendments are consequently unlawful and void; and
>
> (iii)  due process in the future requires the City to provide the plaintiffs with actual notice of any proposed future local land use amendments to the project, with timely actual notice of any administrative action taken on the amendment applications, and timely actual notice of any applications for certificates of occupancy, all sufficient to allow plaintiffs to exercise their full rights to contest same under 24 V.S.A. § 4472 or otherwise.

44)     The plaintiffs seek compensatory damages against the City, including emotional distress damages under 42 U.S.C. §1983.

45)     The plaintiffs alternatively seek nominal damages against the City under 42 U.S.C. § 1983.

8

46)     Plaintiffs also seek attorneys' fees and reasonable litigation expenses against the

City under 42 U.S.C. § 1988.

Dated at Burlington, Vermont this 30th day of March, 2018.

                                        John L. Franco, Jr.
                                        Attorney for Plaintiffs

9