UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BARBARA MCGREW, LYNN MARTIN, MICHAEL LONG and STEVEN GOODKIND,<br><br>    Plaintiffs<br><br>    v.<br><br>CITY OF BURLINGTON, VERMONT, DEVONWOOD INVESTORS, LLC and BTC MALL ASSOCIATES, LLC<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 5:18-cv-58-gwc<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEVONWOOD INVESTORS, LLC'S AND
## BTC MALL ASSOCIATES, LLC'S MOTION TO DISMISS

Defendants Devonwood Investors, LLC and BTC Mall Associates, LLC (collectively, "BTC") move to dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief under the Federal Civil Rights Act for Violation of 14th Amendment Procedural Due Process ("the Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### BACKGROUND

**I.  Facts[1]**

BTC seeks to redevelop the site at 75 Cherry Street in the City of Burlington ("the City") into a mixed-use project ("the Project"). Plaintiffs brought several legal challenges to the proposed redevelopment, including an appeal to the Vermont Superior Court, Environmental Division of a zoning permit issued by the City's Development Review Board ("DRB") on March 17, 2017 (the "Zoning Appeal"). Complaint ¶¶ 4-7.

---

[1] The following facts are taken from Plaintiffs' Complaint and for purposes of this Motion to Dismiss only are assumed to be true.

Plaintiffs and BTC reached a global settlement agreement ("Settlement Agreement"), a copy of which is attached hereto as Exhibit 1.  Complaint ¶ 8.  The Settlement Agreement provided in relevant part that the parties would stipulate to final judgment in the Zoning Appeal approving the Project as submitted to the DRB, but with the addition of subsurface parking capacity for "approximately 200 additional automobiles," though "the total number of automobiles accommodated [would] depend on engineering and other constraints . . ." Settlement Agreement ¶ 3.  Pursuant to the Settlement Agreement, Plaintiffs and BTC then filed Stipulated Findings of Fact Supporting Final Judgment (attached hereto as Exhibit 2), which the City also signed, and a proposed Judgment Order (attached hereto as Exhibit 3), which the Environmental Division adopted on July 17, 2017 (the "Judgment Order").  Complaint ¶¶ 10-12.

On February 23, 2018, the City's Planning & Zoning Office administratively approved amendments to the Project, which modified certain requirements with respect to parking capacity (the "Permit Amendments").  Complaint ¶¶ 15-22.  Plaintiffs did not appeal the Planning & Zoning Office's decision within 15 days as required by 24 V.S.A. § 4465(a).  Plaintiffs contend, however, that the "posting" notice required for administrative amendments by 24 V.S.A. § 4449(b)[2] was insufficient to inform them of the decision, and by virtue of the Settlement Agreement and *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) (requiring individualized notice to mortgagee prior to sale of real estate for nonpayment of taxes), they should have received actual, individualized notice of the Planning & Zoning Office's actions.

---

[2] Section 4449(b) requires "posting of a notice of permit on a form prescribed by the municipality within view from the public right-of-way most nearly adjacent to the subject property until the time for appeal in section 4465 of this title [i.e., 15 days] has passed."  The section does not require any form of individualized notice.

## II. Applicable provisions of Vermont's Planning and Development Act and Burlington's Comprehensive Development Ordinance

The Complaint cites provisions of Vermont's Planning and Development Act, which provide that notice of a zoning permit issued by the administrative officer of a municipality that has adopted zoning bylaws must be posted until the expiration of 15 days from the date of issuance of the permit. 24 V.S.A. § 4449(b). An "interested person" may appeal the permit to the municipal Development Review Board within fifteen days of the date of issuance of the permit. 24 V.S.A. § 4465(a). Appeal to the Development Review Board and then the Vermont Superior Court, Environmental Division is the exclusive remedy for any "interested person." 24 V.S.A. § 4472(d).

The Complaint also refers to the City's use of a "minor permit amendment mechanism" under its Comprehensive Development Ordinance ("CDO"), which allows for administrative review of "[m]inor amendments to development applications previously approved by the DRB" under certain circumstances. CDO 3.2.7(a)(12). An administratively amended permit must be delivered to the assessor and posted in city hall for 15 days. CDO 3.9.2(c). Any "interested person" may appeal administratively approved amendments to the City's DRB within 15 days. CDO 12.2.2.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion makes a facial challenge to the sufficiency of the plaintiff's complaint. When ruling on a motion to dismiss, the Court presumes that all well-pleaded allegations are true and views the pleading in the light most favorable to the nonmoving party. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic presentation of the elements of the cause of action will not do." *Id.* The Court is

not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir.2002).

In its review on a motion to dismiss pursuant to Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, documents incorporated by reference in the complaint, and matters of which judicial notice may be taken. *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir. 1993). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Difolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). Plaintiffs' Complaint relies heavily upon the terms and alleged effect of the Settlement Agreement, Stipulated Findings of Fact Supporting Final Judgment, and Judgment Order, and these documents are therefore attached hereto for the Court's review as Exhibits 1-3.

## ARGUMENT

To make out a claim under 42 U.S.C. § 1983, Plaintiffs must show (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person a rights, privileges or immunities secured by the Constitution or laws of the United States. *Fusco v. State of Conn.*, 815 F.2d 201, 205 (2d Cir. 1987). The Court should dismiss Plaintiffs' claims against BTC because Plaintiffs have not alleged – nor could they – that BTC acted under color of state law. Moreover, the Complaint must be dismissed entirely, because Plaintiffs have not alleged that they have been deprived of a valid property right or liberty interest protected by the Fourteenth Amendment to the U.S. Constitution.

**I.     Plaintiffs have not alleged facts establishing that BTC acted under color of state law.**

A plaintiff alleging a deprivation of constitutional rights under 42 U.S.C. § 1983 must establish that the challenged conduct is "under color of state law."  42 U.S.C. § 1983; *Flagg v. Yonkers Sav. & Loan Ass'n.*, 396 F.3d 178, 186 (2d Cir. 2005).  A finding that conduct is under color of state law "requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with deprivation [is] a person who may fairly be said to be a state actor." *American Mfrs. Mut. Inc. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (emphasis in original).

Here, Plaintiffs do not even attempt to allege that BTC is a "person who may fairly be said to be a state actor."  To the contrary, the Complaint makes clear that both Devonwood Investors, LLC and BTC Mall Associates, LLC are wholly private entities whose only connection with the State is that they have taken advantage of their rights under state land use statutes to seek and obtain a permit for the Project.  That is plainly not enough to make these entities "state actors" for purposes of § 1983.  Therefore, Devonwood Investors, LLC and BTC Mall Associates, LLC must be dismissed as defendants.

**II.    Plaintiffs have not alleged a viable procedural due process claim.**

Plaintiffs claim that the City's failure to give them actual notice of its approval of the Permit Amendments by first class mail – which was not required under Vermont's Planning and Development Act, or the City's CDO – deprived them of "property" or "liberty" in violation of the Fourteenth Amendment to the U.S. Constitution, which provides that no state may "deprive any person of life, liberty, or property, without due process of law."  Claims for violation of procedural due process rights are not actionable where there are no protectable rights at stake.

*Gagliardi v. Village of Pawling,* 18 F.3d 188, 193 (2d Cir. 1994). The Court must dismiss the Complaint under Rule 12(b)(6), because the facts alleged, if true, do not show that Plaintiffs were deprived of any "property" or "liberty" interest protected by the Fourteenth Amendment.

### A. Plaintiffs have not alleged a valid "property interest" protected by the Fourteenth Amendment.

Property interests protected by the Fourteenth Amendment "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). To have a protected interest in a benefit, a person must have "more than a unilateral expectation," rather they must have a "legitimate claim of entitlement to it." *Town of Castle Rock, Colo. v. Gonzalez,* 545 U.S. 748, 756 (2005). Property interests protected by the Fourteenth Amendment are substantive rights. It is well established that an entitlement to nothing but procedure cannot be the basis for a property interest. *Id.* at 763-64 (explaining that an individual's ability to seek an arrest warrant "is not the sort of 'entitlement' out of which a property interest is created" where a judge retains discretion over whether to grant the warrant).

Plaintiffs allege a protected property interest stemming from a "state created right to redress a grievance" with respect to the Permit Amendments, the basis of which is unspecified in the Complaint; the Settlement Agreement and Judgment Order; and Vermont's common law "successive application doctrine." Complaint ¶¶ 37-41. Each of these arguments for a protected property interest is unavailing for reasons explained below.

6

### 1. Plaintiffs fail to allege a valid property interest in a "state-created right to redress a grievance" regarding the Permit Amendments.

Plaintiffs claim a property interest in a "state-created right to redress a grievance" with respect to the Permit Amendments. Complaint ¶ 39. While the Complaint does not specify the basis for this alleged right of redress, procedural rights of any kind are not rights to which a property interest protected by the Fourteenth Amendment may attach. Indeed, the Second Circuit expressly rejected such a claim in *Fusco v. State of Conn.*, 815 F.2d 201 (2d Cir. 1987). In this closely analogous case, the plaintiffs did not attend a hearing before their municipal planning and zoning commission concerning a neighbor's application to subdivide property because they did not see a hearing notice published in a local paper. And just like Plaintiffs here, they argued that a statute requiring only "published" notice (there, in a local newspaper) violated their procedural due process rights. The Court rejected this argument: "The opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning commissions and zoning boards of appeal is purely procedural and does not give rise to an independent interest protected by the 14th Amendment." *Id.* at 206.

The *Fusco* Court distinguished the case Plaintiffs cite in the Complaint, *Mennonite Board of Missions v. Adams,* 462 U.S. 791 (1983) on grounds that apply equally in this matter, namely, that it concerned the process required prior to deprivation of a secured interest in real estate, which the Court considered an "unquestioned property interest":

> There, a mortgagee's secured interest in real property was extinguished by the operation of an Indiana statute which required only constructive notice to mortgagees of impending tax foreclosure sales. Under those facts, particularly where the challenged statute worked a "complete nullification" of the mortgagee's unquestioned property interest upon his failure to redeem the affected real property within the statutory period, the Supreme Court held mortgagees entitled to "notice reasonably calculated to apprise [them] of ... pending tax sale[s]."

7

*Id.* (internal citations omitted).  Like the plaintiffs in *Fusco*, and unlike the *Mennonite* plaintiffs, Plaintiffs here do not point to any direct, concrete interest in the property at issue.  Their asserted interest in a "state-created right to redress a grievance" is purely procedural and creates no valid property right under the Fourteenth Amendment.

In any event, even if the Fourteenth Amendment protected procedural rights, Plaintiffs have not alleged any such right here.  The Complaint does not state facts establishing a procedural right to contest the Permit Amendments under the Settlement Agreement.  Indeed, neither the Agreement nor the Judgment Order allow Plaintiffs any greater opportunity to participate in the permit amendment process than is provided for under Vermont's Planning and Development Act, 24 V.S.A. 4301, *et. seq.*, and the City of Burlington's CDO.

Nor do Plaintiffs allege a right to appeal the Permit Amendments to the DRB under 24 V.S.A. § 4465(a), or to appeal a decision of the DRB to the Superior Court, Environmental Division under 24 V.S.A. § 4471.  These rights of appeal are available only to "interested persons."  24 V.S.A. §§ 4465(a), 4471.  Plaintiffs do not have "interested person" status simply because they are parties to the Settlement Agreement.  Rather, each of them must show that he or she lives in the "immediate neighborhood" of the Project, and the modifications approved in the Permit Amendments would have a "physical or environmental impact on [his or her] interest under the criteria reviewed" by the DRB.  24 V.S.A. § 4465(b)(3); *In re UVM Certificate of Appropriateness*, No. 90712, 2013 WL 1182790 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (to show standing "interested person" must "describe how the development under review will impact . . . her specifically (i.e., describe a concrete and particularized injury) and must [show] that such impact is not hypothetical.").  The Complaint does not allege facts sufficient to show that any of the Plaintiffs is an "interested person" with respect to the Permit Amendments for

purposes of 24 V.S.A. § 4456(b). Thus, even if a procedural right alone were a "property interest" for Fourteenth Amendment purposes, Plaintiffs have not shown that they would have had any such right to participate in the permit amendment proceedings here.

### 2. Plaintiffs fail to allege a valid property interest in a particular regulatory treatment of the Project.

Plaintiffs also appear to argue that they have a right to "rely on permit conditions" or the "finality of zoning permit decisions." Complaint ¶¶ 37, 38. But any argument that Plaintiffs have a property interest protected by the Fourteenth Amendment in a particular regulatory treatment of the Project is also unavailing. Generally, "[t]here is no support for the position that particular regulatory treatment, by itself, constitutes a property interest." *Robbins v. U.S. Bureau of Land Management,* 438 F.3d 1074, 1086 (10th Cir. 2006) (rejecting argument that federal Bureau of Land Management's alleged promise to grant landowner certain regulatory treatment under his settlement agreement with the agency establishes a property interest protected by the Fourteenth Amendment). Even if the Settlement Agreement and Judgment Order could in theory establish a property interest in a particular Project parking configuration, these documents do not have this impact by their terms. Neither document guarantees Plaintiffs a specific parking configuration in that future permit amendments with respect to parking (or other aspects of the Project) are not prohibited. On the contrary, the Settlement Agreement contemplates the potential need for permit amendments with respect to parking in its recognition that "the total number of automobiles accommodated will depend on engineering and other constraints . . .." Settlement Agreement ¶ 3. Finally, BTC is aware of no support for the proposition that Vermont's common law "successive application doctrine" can be the basis for property interests protected by the Fourteenth Amendment.

### B. Plaintiffs have not alleged a valid "liberty interest" protected by the Fourteenth Amendment.

Plaintiffs' allegations regarding any procedural rights to contest the Permit Amendments do not establish a "liberty interest" protected by the 14th Amendment. "[T]he mere existence of reasonable procedures entitling a person to a hearing under state law does not give rise to an independent substantive liberty interest protected by the Fourteenth Amendment." *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 58 (2d Cir. 1985); *See also BAM Historic Dist. Ass'n v. Koch,* 723 F.2d 233, 236-237(2d Cir. 1983)(plaintiffs have no liberty interest in contesting the operations of a homeless shelter under procedures established by the New York City Charter).

Plaintiffs also suggest that a liberty interest under the Fourteenth Amendment may stem from Plaintiffs' right to redress of grievances under the First Amendment. Complaint ¶ 40. They do not cite any authority supporting this proposition. The Second Circuit has held that where a specific constitutional amendment restricts government action, that amendment must be the guide for analyzing claims with respect to such action, and plaintiffs may not seek redress in a §1983 suit under the substantive due process clause of the Fourteenth Amendment. *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005). Courts have extended this rule to bar procedural due process claims under §1983, some specifically holding that First Amendment rights do not constitute liberty interests for purposes of procedural due process. *See Becker v. Kroll*, 494 F.3d 904, 918–20 (10th Cir. 2007); *Ali v. West*, No. 16-CV-1518-JPS, 2017 WL 176304, at *5 (E.D. Wis. Jan. 17, 2017) ("Plaintiff cannot form a procedural due process claim using his First Amendment free exercise right as the 'liberty interest' which he was deprived of.").

In sum, the Complaint fails to state a claim that Plaintiffs have either a property interest or a liberty interest protected by the Fourteenth Amendment, and the Court must therefore dismiss Plaintiffs' §1983 claims.

## CONCLUSION

For all of the foregoing reasons, the Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim.

Dated at Burlington, Vermont this 15th day of May, 2018.

By: _____
Brian Dunkiel, Esq.
Karen Tyler, Esq.
Jonathan Rose, Esq.
Dunkiel Saunders Elliott Raubvogel & Hand PLLC
91 College Street
Burlington, Vermont 05401
(802) 860-1003 x104
bdunkiel@dunkielsaunders.com
ktyler@dunkielsaunders.com
jrose@dunkielsaunders.com