## SETTLEMENT AGREEMENT

1. This Settlement Agreement is between BTC Mall Associates, LLC and Devonwood Investors, LLC ("Applicant") and

   • Barbara McGrew individually and Steven Goodkind who on his own behalf and on behalf of the group of individuals in Exhibit A have brought an appeal in *Devonwood Investors, LLC (75 Cherry Street)*, Vermont Superior Court, Environmental Division, Docket Number 39-4-17 Vtec;

   • Barbara McGrew individually who has brought the appeal *Devonwood Investors, LLC JO 4-255*; Vermont Superior Court, Environmental Division, Docket Number 63-5-17 Vtec; and

   • Steven Goodkind, Michael Long and Lynn Martin who in Counts I, II, and III of *Long et. al. v. City of Burlington et. al.* Vermont Superior Court, Civil Division, Docket No. 996-11-16 Cncv brought a taxpayer challenge to the Tax Increment Financing (TIF) voted at the Burlington Special City Meeting held November 8, 2016 and who also as individual plaintiffs challenged a denial of a request for public records in Count IV of that action;

   (collectively, "Appellants"), and shall be binding upon Applicant's and Appellants' assigns and successors in interest as hereinafter provided.

2. Applicant is proposing to construct a mixed-use Priority Housing Project as approved in a Decision by the City of Burlington, Development Review Board dated March 17, 2017 (the "Project").

3. In the matters of *Devonwood Investors, LLC (75 Cherry Street)*, Vermont Superior Court, Environmental Division, Docket Number 39-4-17, the Applicant and the appellants thereto shall promptly file a *Stipulation for Final Judgment*, along with a *Proposed Judgment Order* to the Court approving the Project consistent with changes to mitigate concerns raised by Appellants by adding subsurface parking capacity for approximately 200 additional automobiles in the Project. They agree that the total number of automobiles accommodated will depend on engineering and other constraints including that the subsurface parking will not extend below one level and will not be included in the buildings constructed at and above ground. The Parties agree to work in good faith to prepare and to promptly file with the Court the Stipulation for Final Judgment and Proposed Final Judgment Order.

   If the *Proposed Judgment Order* is not be approved by the Court in a manner that results in a complete and final adjudication of this matter on terms that materially reflect the *Proposed Judgment Order* then this Settlement Agreement is of no force and effect, and the *de novo* appeal will proceed for hearing, and aim for trial to be completed before the end of October.

4. In the matter *Devonwood Investors, LLC JO-4-255* Environmental Division Docket No. 63-5-17 Vtec, the Applicant and the Appellant thereto stipulate that the project, as amended to include the addition of subsurface parking capacity for approximately 200 automobiles (recognizing as stated above that the total number of automobiles accommodated will depend

on engineering and other constraints including that the subsurface parking will not extend below one level and will not be included in the buildings constructed at and above ground), is not subject to Act 250 jurisdiction, and does not require an Act 250 permit because it is a Mixed-Use Priority Housing Project. The Parties agree to work in good faith to prepare and to promptly file with the Court a *Stipulation for Final Judgment* and a *Proposed Final Judgment Order* to that effect.

If the Court does not approve a *Stipulated Final Judgment Order* resulting in a final adjudication that the Project, as modified by this Settlement Agreement, is exempt from Act 250 regulation, then Ms. McGrew will allow Applicant the time required to seek confirmation that Priority Housing Project eligibility is satisfied by the Project, as modified by this Settlement Agreement, and is exempt from Act 250 regulation. If such confirmation concerning Act 250 is obtained, then Ms. McGrew will promptly dismiss her appeal with prejudice. Ms. McGrew shall not challenge or interfere with any process related to whether the Project, as modified by the terms of this Settlement Agreement is exempt from Act 250. If Applicant elects not to seek further confirmation that the Project, as modified by this Settlement Agreement is exempt from Act 250 regulation, then Ms. McGrew will promptly dismiss her appeal with prejudice.

5) Upon the Environmental Division's approval of the *Stipulation for Final Judgment* and *Proposed Judgment Order* in paragraph 3 above, Steven Goodkind, Michael Long, and Lynn Martin will, in the matter *Long et. al. v. City of Burlington et. al.*, Vermont Superior Court, Civil Division, Docket No. 996-11-16 Cncv, promptly move for dismissal with prejudice the taxpayer causes of action Counts I, II, and III challenging the TIF. Steven Goodkind and Lynn Martin will also withdraw their names as the individual plaintiffs in Count IV of that action regarding the Vermont Public Documents Act.

6) If (i) the DRB permit appeal is resolved as provided in Paragraph 3, (ii) the Act 250 jurisdictional appeal is resolved as provided in Paragraph 4, and (iii) the individual plaintiffs in *Long et. al. v. City of Burlington et. al.*, Vermont Superior Court, Civil Division, Docket No. 996-11-16 Cncv have concluded their undertakings as provided in Paragraph 5 above, then

   a. The Applicant will promptly reimburse $65,000.00 of the Appellants' legal expenses by payment to the order of the IOLTA account of John L. Franco, Jr.

   b. The Applicant's Project lease with UVMMC will include parking for approximately 160 automobiles, and UVMMC will plan to make arrangements to park approximately 200 automobiles at locations other than at the Project.

   c. In the event Applicant or its successors and assigns redevelops property currently owned by BTC Mall Associates, LLC located within the Downtown Mixed Use Core Overlay District between Church Street and what will become the re-established section of St. Paul Street at 75 Cherry Street, Applicant agrees that the redevelopment proposal will not involve a structure that exceeds 10 stories, and will include parking for approximately 250 automobiles (either above or subsurface, or some combination thereof), subject to then existing laws and

regulations related to parking and reasonable engineering considerations. An appropriate notice of the provisions of this paragraph reasonably satisfactory to the Applicant and Applicant's lender shall be recorded in the land records of the City of Burlington.

    d. Appellants, with the approval of the Applicant, will establish a fund at the Vermont Community Foundation, or similar existing Vermont non-profit organization with 501(c)(3) status, or establish a new fund satisfactory to Applicant. The fund will be used exclusively for charitable purposes, and its activities will exclusively support a mission and purpose to retain the essential character of Burlington advocating for people, programs and projects that promote growth that is consistent with the mission of this fund as described herein including through grants to support small business local arts and culture, public spaces, community centers, preservation of historically significant architecture, and transportation alternatives designed to alleviate vehicle and parking congestion. The fund shall not be used to support any political activities, nor shall it be used to oppose development in the City of Burlington. The Applicant will donate to the fund a total of $500,000.00 (five hundred thousand dollars). The fund will be established with an initial donation by the Applicant of $200,000 (two hundred thousand dollars) within ninety (90) days after final judgment is entered in each of the matters identified in paragraph 1 of this Settlement Agreement, and no appeal is filed. The remaining $300,000.00 (three hundred thousand dollars) will be donated by the Applicant to the fund within sixty (60) days of the conveyance of the Project's right-of-way for St. Paul Street and Pine Street to the City of Burlington is completed.

    e. Applicant shall not enter into a master lease or comparable agreement with an institution of higher education for student housing within the Project. For the purposes of this Settlement Agreement, an institution of higher edication shall mean a traditional accredited college or university such as the University of Vermont or Champlain College.

7. The appellants in *Devonwood Investors, LLC (75 Cherry Street)*, Vermont Superior Court, Environmental Division, Docket Number 39-4-17 Vtec; the appellant in *Devonwood Investors, LLC JO 4-255*; Vermont Superior Court, Environmental Division, Docket Number 63-5-17 Vtec; and the individual plaintiffs in *Long et. al. v. City of Burlington et. al.*; Vermont Superior Court, Civil Division, Docket No. 996-11-16 Cncv, and their counsel, Attorney John Franco, will take all reasonable actions necessary to implement the terms of this Settlement Agreement, and will not oppose any other permits or regulatory or legislative approval that may be required to implement the Project consistent with the terms of this Settlement Agreement.

8. Other than the payment of attorney fees referenced in Paragraph 6(a) of this Settlement Agreement, each party is responsible for their own fees and costs incurred in each of the matters identified in this Settlement Agreement.

9. This Settlement Agreement is binding on and for the benefit of all the Parties hereto and supersedes all prior agreements or understandings, whether written or oral, between the Parties and/or their respective counsel with respect to the subject matter hereof. This Settlement Agreement may not be amended, modified or terminated except by written instrument signed by all Parties hereto. This Settlement Agreement is contingent upon Applicant entering into a final Development Agreement with the City of Burlington, and if the City of Burlington or State of Vermont objects to the terms of this Settlement Agreement or interferes with Applicants ability to construct the Project in accordance with its terms, then this Settlement Agreement is of no force and effect.

10. Subject to the terms of any agreement concerning a gift that may be entered into between Applicant and the City of Burlington, Applicant will make a gift of Project's right-of-way for St. Paul Street and Pine Street to the City of Burlington contemplated for the Project to the City and the citizens of Burlington. The gift of the two (2) right of ways will be made by the Applicant to the City of Burlington as a charitable gift under all applicable federal and State income tax rules and regulations and its being strictly agreed and understood by all the parties that this gift by the Applicant as outlined herein is not being made by Applicant in consideration of or as a part of this Settlement Agreement and this Settlement Agreement is not conditioned in any way on this gift. Applicant desires only to state its intention to make the gift herein as both the Applicant and Appellants believe that the gift is in the interest of the City and the citizens of Burlington and they wish to state their general support for the gift to be made by the Applicant.

11. The Parties to this Settlement Agreement have cooperated in the drafting and preparation of the Settlement Agreement. Therefore, the Settlement Agreement shall not be construed against either party on the basis that the party was the drafter.

12. Each Party to this Settlement Agreement acknowledges that it has received independent legal advice from its counsel, or has had the opportunity to seek advice from counsel, with respect to this Settlement Agreement.

13. This Agreement may be executed in one or more counterparts (including by means of electronic transmission, such as facsimile or .pdf), each of which shall be deemed an original but all of which together will constitute one and the same instrument.

SO AGREED:

Date: 6/29/17

_____
Donald Sinex
BTC Mall Associates, LLC
Devonwood Investors, LLC

Date: 6/29/17

_____
John Franco, Jr., Counsel to Appellants

Date: 6/29/17

*[signature]*
Steve Goodkind, for Himself, as Representative of the Group Appellants

Date: 6/29/17

*[signature]*
Barbara McGrew

Date: 6/29/17

*[signature]*
Michael Long

Date: 6/28/17

*[signature]*
Lynn Martin

# Exhibit A

## (Group Petitioners Represented by Steve Goodkind)

Hannah Babiss
Sandra Baird
Lionel Beasley
Jeremy W. Bond
Talia Bosley
Sara Brown
Montana Burns
Jared Carter
Amanda Coggeshall
Steve Coggeshall
Jack Daggitt
Kimberly Dean
Jasmine Dalton
Nancy W. Dinkel
Gregory H. Dinkel
Glenn Eames
Alex Epstein
Thomas Fitzgerald
Monique Ford
John L. Franco Jr.
Douglas French
Meriam French
Diane Gayer
Steven Goodkind
Alora Goodkind
Gabrielle R. Hall
John Hanson
Stephen Hard
Colleen Hendeny
Nancy Lee Kirby
Alex Laven
Larry Lewack
Geoffrey H. Leyden
Caryn Long
Michael Long
Jerome E. Mabb, III
Patrick Maurier
Lynn Martin

Sage Narbonne
Dan Nielsen
Barbara Nolfi
Shan Norten
Elizabeth Perry
Theresa Pilch
Anthony Reddington
Laurie E. Roberge
Gabriela Salazar
Andrew Simon
Charles R. Simpson
Jess Slayton
Ibnar A. Stratibus
Lea Turhune
Mary Twitchell
Donna Walters