UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| BARBARA MCGREW, LYNN MARTIN, MICHAEL LONG, and STEVEN GOODKIND, Plaintiffs | * * * * * | Civil Action No. 5:18 cv 59 |
| v. | * * | |
| CITY OF BURLINGTON, VERMONT, DEVONWOOD INVESTORS, LLC, and BTC MALL ASSOCIATES, LLC, Defendants | * * * * * | |

**PLAINTIFFS' OPPOSITION TO
<u>BURLINGTON'S MOTION TO DISMISS</u>**

**I.   PLAINTIFFS HAVE A PROPERTY INTEREST PROTECTED BY DUE PROCESS.**

Plaintiffs incorporate by reference their May 22, 2018 *Cross-Motion in Support of Partial Summary Judgment,* including its supporting *Memorandum of Law, Statement of Undisputed Material Facts,* and attachments (Document #8). In addition they supplement it with the following response.

The Sixth Circuit has ruled in *Wedgewood Limited Partnership I v. Township of Liberty Ohio*, 610 F.3d 340 (2010) that where the Township made zoning amendments which in effect amended a development without providing the plaintiffs actual notice and an opportunity to heard, it violated the plaintiff's procedural due process rights. Relying on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985) and its own prior decision in *Nasierowski Brothers Inc. v. City of Sterling Heights*, 949 F.2d 890 (1991) it held that while " Governmental decisions of a general nature that affect all

1

equally do not give rise to a [Constitutional] due process right to be heard. But, when a relatively small number of persons are affected on individual grounds, the right to hearing is triggered." In those circumstances the plaintiff had a right to notice, and that to satisfy the Due Process Clause, the Township was required to apprise the plaintiff of the pendency of the matter "and provide adequate notice and an opportunity to present their objections." *Wedgewood* at 354- 355. This reasoning foots with the requirements of *Mullane v. Central Hanover Bank*, 339 U.S. 306, 313-314 (1950) and *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) that actual notice is required of the pendency of the action where there are discrete "known beneficiaries" whose names and addresses are known or reasonably ascertainable.

Moreover the Tenth Circuit has ruled that a court-issued order itself creates a property interest protected by the due process clause of the Fourteenth Amendment where (i) compliance is mandatory and (ii) with the establishment of substantive predicates to limit discretion in its enforcement. *Gonzales v. City of Castle Rock*, 366 F.3d 1093 (10th Cir. 2004) citing *Coffman v. Wilson Police Dept.*, 739 F.Supp. 257 (E.D.Pa. 1990). As argued in our *Cross-Motion,* compliance with a court-ordered consent judgment is mandatory under *res judicata*, *In re Dunkin Donuts*, 2008 VT 139, ¶¶14-16, 185 Vt. 583. *In re Appeal of Hildebrand*, 2007 VT 5, ¶11, 181 Vt. 568. *In re Application of Lathrop*, 2015 VT 49, ¶55.  The discretion to vary from the requirements of issue and claim preclusion are limited by the successive application doctrine and the *Stowe Club Highlands* standard, 166 Vt. 33, 39 (1996).

> Rarely will a large scale development…progress exactly as planned. Contracts often fall through and financial or other restraints may require some parts of a project to be eliminated or downsized.  In this sense, foreseeability is related to

2

the degree of change. While small or moderate changes are expected and even common, extreme changes will likely come as a surprise to all involved. Permit applicants should consider foreseeable changes in the project during the permitting process, and not suggest conditions that they would consider unacceptable should the project change slightly. *Stowe Club Highlands* at 39.

Burlington's efforts to divorce the *Settlement Agreement* to which it was not a party from the resulting consent judgment entered by the Environmental Division to which it was a party in order to argue that it had no duty to provide actual notice are therefore inapposite. *Dunkin Donuts, supra.* Moreover, as argued in our *Cross-Motion*, the plaintiffs were "known beneficiaries" to the *Settlement Agreement* and consent judgment.[1]

Burlington's other cited authorities are also inapposite and do not establish the lack of a due process protected property interest here:

> • *State ex rel. Grant School District No. 4 Town of Grafton v. School Board of Jefferson School District No. 1 of Village of Town of Grafton*, 91 N.W.2d 219 (1985) was a case concerning generalized notice in a territorial annexation of portions of one school district into another, and did not involve a claim of a procedural due process-protected property interest.

> • *Caesars Massachusetts Management Company, LLC v. Crosby*, 778 F.3d 327 (1st Cir. 2015) that there is no property interest if the state actor retains discretion to grant or withhold a permit or license should be disregarded. Whether a property interest is created is a question of state law and it is based on a discrete line of authority under Massachusetts state law which does not recognize a property interest under such circumstances. See 778 F.3d at 333-34. This Massachussetts rule is in direct variance with recognized Vermont law. *Quinn v. Grimes,* 2004 VT 89, 177 Vt. 81, *Burroughs v. West Windsor School Board*, 138 Vt. 575, 578 (1980); and *Gour v. Morse*, 652 F.Supp. 1166, 1169-70 (D.Vt. 1987, Billings J.) [a property interest was created when, once a state day care registration was issued, it could only be revoked for cause after hearing].

> It also contradicts the holding of *Perry v. Sinderman*, 408 U.S. 598, 601 (1972) that proof of a property interest does not require proof that the state actor

---

[1] See the signature of the Burlington City Attorney on Attachment #4, the *Stipulated Final Facts Supporting Final Judgment* submitted to the Environmental Division whose ¶1 references the "settlement regarding issues in dispute in this docket."

3

is without discretion to grant or withhold the requested relief and that upon hearing the claim will be granted. That all that due process requires for a property interest are rule or mutually explicit understandings "that support a claim of entitlement that may be invoked at hearing." Then one must be given the *opportunity* to prove the legitimacy of his/her claim. *Perry,* at 601-03.

• *Double I Limited Partnership v. Planning and Zoning Commission of Town of Glastonbury*, 588 A.2d. 624, 630 n.13 (1991) was a situation like *Fusco v. Connecticut* 815 F.2d 201 (2nd Cir. 1987) discussed in our *Cross-Motion* where the plaintiffs claimed a right to individualized notice at the outset of the zoning proceedings simply by dint of being nearby or adjoining landowners. Furthermore, the plaintiffs there *did* get notice of the Commission's grant of the permit and were able to appeal it to the Connecticut Superior Court.

• *Haynes v. Pasco County, Florida*, 801 F.2d 1269 (11th Cir. 1986) was a rejection of a claim of *substantive,* not procedural, due process. The plaintiff was a property owner who obtained a zoning permit administratively but had it overturned on an appeal to the Board of Zoning Adjustment.  He then unsuccessfully sought to have the federal court  step in and overturn the BZA's determination on substantive grounds.

• *Sallie v. Tax Sale Investors, Inc.*, 998 F.Supp. 612 (D. Md. 1998) concluded on the facts of that tax sale that the identity of the plaintiff was not easily discernable and plaintiffs had no property interest, all distinguishable from the present case as discussed above.

• *Zahra v. Town of Southold*, 48 F.3d 674 (2nd Cir. 1995) and *Buckley v. Natchez-Adams School District* 68 F.3d 472 (5th Cir. 1995) are both admittedly cases where, unlike under 24 V.S.A. § 4472(d), state remedies and procedures *were* available to the plaintiff. Neither Burlington nor Devonwood/BTC Mall have argued here state remedies and recourse are available here.

## II.   THE RULE 12(b)(6) MOTION TO DISMISS THE CLAIM FOR DAMAGES MUST BE ALSO DENIED.

This portion of Burlington's dismissal motion is not addressed by the plaintiffs' *Cross-Motion* and is separately addressed here. It is important to bear in mind that as a Rule 12(b)(6) motion all the facts and reasonable inferences therefrom must be taken in plaintiffs' favor without qualifying or modifying evidence. The damages claim is based on *Carey v. Piphus*, 435 U.S. 247 (1978) that nominal damages and emotional distress

damages are available to plaintiffs from the denial of their procedural due process rights. Burlington errs in its argument that such relief is not available here because the Zoning Administrator is not a policymaker and the City did not act pursuant to an unconstitutional policy or custom.

### A. The Planning Department's "Administrative Officer" Has Final Policymaking Authority Under Vermont Law.

Only those municipal officials who have "final policymaking authority" may by their actions subject the government to §1983 liability. Whether a particular official has such authority is a question of state, not federal, law, and the challenged action must have been taken pursuant to a policy adopted by the official or officials. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123-24 (1988) citing *Pembauer v. City of Cincinnatti*, 475 U.S. 469 (1986).

That officer Under Vermont's Planning Act, the administrative officer is nominated not by the Mayor, but by the Planning Commission, with approval of the local legislative body, 24 V.S.A. § 4448(a), or is so nominated and appointed as the acting administrative officer. 24 V.S.A. § 4448(b). *In re Burns Two-Unit Residential Building*, 2016 VT 63, ¶12. Her/his administrative authority is plenary and final. No land development may be commenced and no use or occupancy any land or structure occupied without a permit and/or a certificate of occupancy issued by the administrative officer. 24 V.S.A. §4449(a)(1) and (2). That permit shall take effect unless appealed within the 15 day appeal period to the Development Review Board. 24 V.S.A. §4449(a)(3). If such appeal is not been taken, the administrative officer's decision is final under 24 V.S.A. § 4472(d), irrespective whether the action taken was *ultra vires,* was illegal, or was without

5

jurisdiction. *In re Tekram Partners*, 2005 VT 92, ¶¶7-8, 178 Vt. 628; *City of South Burlington v. Vermont Department of Corrections,* 171 Vt. 587 (2000); *Levy v. Town of St. Albans*, 152 Vt. 139 (1989); *Graves v. Town of Waitsfield*, 130 Vt. 292, 295 (1985). Her/his authority is exclusive and may not be delegated to or assumed by any others. 24 V.S.A. § 4448(a) and (b); *In re Burns, supra.*

> **B.    The Zoning Administrator's Choices Not to Give Plaintiffs Actual Notice Was an Act of City Policy.**

Unconstitutional government policy can be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's activities. *Praprotnik, supra* at 123. Where an official has final authority over significant matter *involving the exercise of discretion*, the choices s/he makes represents government policy. *Anthony v. City of New York*, 339 F.3d 129, 139 (2nd Cir, 2003) cited by *Roe v. City of Waterbury,* 542 F.3d 31, 37 (2nd Cir. 2008) and quoting *Rookard v. Health and Hospitals Corporation*, 710 F.2d 41, 45 (2nd Cir. 1983). An official has final authority if her/his decisions, at the time they are made, for practical or legal reasons constitutes the municipality's final decision. *Id.*

Burlington's argument overlooks that while the zoning administrative officer must under 24 V.S.A. §4449(b) and (b)(2) give posting notice of his/her administrative decisions, the statute does not prohibit the exercise of his/her *discretion* to also give actual notice. The choice of Burlington's zoning administrative officer not to give the plaintiffs actual notice of (1) BTC Mall's application for permit amendments or (2) of the February 23, 2018 grant of the amendments were such exercises of discretion. Therefore

6

"for practical and legal reasons" they represented Burlington's final decision at the time, and therefore Burlington's policy.

The plaintiffs therefore have pleaded[2] an official Burlington policy that allows them to seek recovery of damages from Burlington.

**Conclusion.**

Burlington's *Motion to Dismiss* must be denied.

Dated at Burlington, Vermont this 31st day of May, 2018.

/s/ *John L. Franco, Jr.*
John L. Franco, Jr.
Attorney for Plaintiffs

---

[2] If there is any defect in form the notice pleading, the plaintiffs must be allowed sufficient time to make the appropriate amendments. *Valley Disposal v. Central Vermont Solid Waste Management District (Valley Disposal I)*, 31 F.3d 89, 97-98 (2nd Cir. 1994).