UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BARBARA MCGREW, LYNN MARTIN, MICHAEL LONG and STEVEN GOODKIND,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF BURLINGTON, VERMONT, DEVONWOOD INVESTORS, LLC and BTC MALL ASSOCIATES, LLC<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 5:18 cv-58 |

### DEFENDANTS DEVONWOOD INVESTORS, LLC AND BTC MALL ASSOCIATES, LLC'S MOTION TO COMPEL

Defendants Devonwood Investors, LLC and BTC Mall Associates, LLC (collectively, "BTC") move pursuant to Federal Rules of Civil Procedure 37(a) and Local Rule 26(c) for an order compelling Plaintiffs Barbara McGrew, Lynn Martin, Michael Long, and Steven Goodkind ("Plaintiffs") to respond to Interrogatory 8 and Requests to Produce 4 and 6 in BTC's First Set of Interrogatories and Requests for Production.  BTC also respectfully requests that the Court award sanctions in the form of the attorney's fees incurred in the drafting of this Motion.  In support of this Motion, BTC provides the attached Affidavit of Karen Tyler and the following, incorporated memorandum of law.

### MEMORANDUM OF LAW

### Background

In this case, Plaintiffs ask the Court to void – or reopen the statutory period for challenging – a zoning permit amendment issued by the City of Burlington's Development

Review Board ("DRB") to BTC for changes to a downtown redevelopment project known as CityPlace Burlington (the "Project"). Plaintiffs argue that they were entitled to individualized notice of the permit amendment proceedings as a result of a settlement agreement they and a number of other, non-party Burlington residents entered into with BTC (the "Settlement Agreement") resolving a challenge to the Project's original zoning permit, and that by failing to provide them with such notice, the City violated their constitutional right to procedural due process. *See generally* Complaint [Doc. 1]; Pls.' Cross Mot. in Supp. Partial Summ. J. [Doc. 8].

Both the City and BTC have moved to dismiss Plaintiffs' Complaint in its entirety, while Plaintiffs have filed what they called a "Cross Motion in Support of Partial Summary Judgment" asking the Court to enter judgment on their claims. *See* Devonwood Investors, LLC's and BTC Mall Associates, LLC's Mot. to Dismiss [Doc. 6]; City of Burlington's Mot. to Dismiss [Doc. 13]; Pls.' Cross Mot. in Supp. Partial Summ. J. [Doc. 8]. Because of its interest in seeing this matter resolved quickly, BTC requested that the Court also allow discovery to proceed while the motions to dismiss were pending. Def. Devonwood Investors, LLC's and BTC Mall Associates, LLC's Mem. in Opp. to Pls.' Mot. to Stay Disc. Sch. [Doc. 27]. On August 6, 2018, the Court issued an order declining Plaintiffs' request to convert the pending motions to dismiss into motions for summary judgment, and allowing for discovery on the factual issues implicated by Plaintiffs' claims, including, specifically, "what the individual Plaintiffs knew about the amendment and when they knew it." *See* 8/6/18 Order on Scheduling and Discovery [Doc. 30].

The following month, after a hearing on the motions to dismiss, the parties submitted a proposed discovery schedule, which the Court approved on September 1, 2018. Disc. Sch./Order. [Doc. 34]. The parties subsequently exchanged initial disclosures and written discovery requests. Plaintiffs responded to BTC's First Set of Interrogatories on November 2,

2018.  Affidavit of Karen Tyler ("Tyler Aff.") ¶ 3 (copy attached as **Exhibit A**).  On November 6, 2018, Plaintiffs responded to BTC's First Set of Requests for Production.  *Id*. ¶ 4.  On November 20, 2018, in an attempt to resolve a dispute over the sufficiency of Plaintiffs' discovery responses and avoid the need for motion practice at the Court, the parties' counsel discussed Plaintiffs' responses via telephone.  *Id*. ¶ 5.  The parties were unable to resolve the dispute, and BTC therefore respectfully requests that the Court order Plaintiffs to respond to its discovery requests as outlined below.  BTC further requests that the Court award it sanctions in the form attorney's fees BTC has incurred in preparing this Motion.

## Argument

BTC seeks an order compelling Plaintiffs to respond to the following discovery requests, reproduced here verbatim along with Plaintiffs' objections/responses:

| | |
|---|---|
| **Interrogatory 8**: | Describe in detail how and when each individual listed on Exhibit A to the Settlement Agreement first became aware of the zoning permit application at issue in this litigation. |
| *Plaintiffs' Response*: | *The relevant knowledge is that of Mr. Goodkind as their statutorily designated representative under 24 V.S.A. § 4465(b)(4).  The circumstances under which he became aware is set forth in the* Statement of Undisputed *Facts and his declaration attached thereto.  Otherwise we object on the grounds that the request is not relevant and therefore not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome, and not proportionate to the needs of the case*. |
| **Request to Produce 4**: | All documents in your possession, custody, or control relating in any way to any of the Settlement Documents [defined as collectively, the Settlement Agreement, the Stipulation for Judgment, and the Stipulated Findings of Fact referenced in Plaintiffs' Complaint], including but not limited to documents and communications concerning negotiations of or related to any of the Settlement Documents. |
| *Plaintiffs' Response*: | *Object on grounds that negotiations and settlement discussions and documents relating thereto here are subject to the privilege* |

>   created by the Vermont Uniform Mediation Act and inadmissible; and/or are subject to attorney-client privilege; and/or are attorney work product; and/or are not relevant or admissible, and therefore not discoverable.

**Request to Produce 6**:   A log that identifies and describes any documents responsive to the foregoing requests that you have withheld on the basis of privilege, and specifies the grounds on which privilege is claimed.

*Plaintiffs' Response*:   Objection. The request is beyond the scope of what is required by F.R.Civ.P. [sic] 26(b)(5). A log identifying and enumerating of [sic] the specific communications would in part identify the contents of each privileged communication and the persons involved in the communication and would itself compromise their confidentiality.

**I.  The Court should order Plaintiffs to respond to Interrogatory 8.**

In Interrogatory 8, BTC seeks to discover how and when each member of the group on whose behalf the Settlement Agreement was negotiated actually became aware of the zoning permit. Under the "broad and liberal" relevance standard incorporated into the federal rules, *see, e.g.*, *Tuner v. Vermont Ctr. for the Deaf & Hard of Hearing, Inc.*, No. 2:02-cv-251, 2003 WL 27380992 (D. Vt. Oct. 1, 2003), this information is relevant for purposes of discovery. For example, if BTC discovered that a member of this group first learned of the zoning amendment before the appeal period expired and communicated that information to the Plaintiffs (or Plaintiffs' counsel – who actually is a member of the group about whom the information is requested), that would certainly be relevant to Plaintiffs' claim that they did not have notice of the proceedings. Moreover, Plaintiffs have not demonstrated why it would be "unduly burdensome" to respond to this request (which might require a simple email or telephone inquiry to the listed individuals) or why the request is not "proportionate" to the needs of the case, which involves a challenge to a zoning permit for an important, multi-million-dollar public and private

redevelopment project in the heart of the downtown Burlington. The Court should order Plaintiffs to respond to Interrogatory 8.

**II.     The Court should order Plaintiffs to respond to Request to Produce 4.**

In Request to Produce 4, BTC sought information from Plaintiffs bearing on their understanding of, and the circumstances surrounding the negotiation of, the Settlement Agreement and other relevant settlement materials lying at the heart of their claims, and the meaning of which the parties to this case likely will dispute. As we have explained in the past, BTC believes Plaintiffs' claims fail as a matter of law and that the unambiguous terms of the Settlement Documents do not create any federal due process right that the City could have violated. *See*, *e.g.*, Devonwood Investors, LLC's and BTC Mall Associates, LLC's Reply Memorandum in Support of Motion to Dismiss [Doc. 15] at 2-4 (June 4, 2018).

But in the event the Court somehow finds the meaning of the language in the Settlement Documents ambiguous – such that it *could* have created a due process property interest – and allows this action to proceed beyond the pending motions to dismiss, BTC would be entitled to rely on extrinsic evidence of the parties' intent to determine the meaning of those documents. *E.g. Main Street Landing, LLC v. Lake Street Ass'n, Inc.*, 179 Vt. 583, 584 (2006) ("[I]f the court determines that the writing is ambiguous, interpretation of the parties' intent becomes a question of fact to be determined based on all of the evidence—not only the language of the written instrument but also evidence concerning its subject matter, its purpose at the time it was executed, and the situations of the parties."). The information requested in BTC Request to Produce 4 would be directly relevant to the Parties intent in entering into the agreements at issue in this case, and therefore directly relevant to the meaning of those agreements.

5

Nonetheless, Plaintiffs appear to take the position that at least some of the documents responsive to Request to Produce 4 are protected by the privilege created by the Vermont Uniform Mediation Act, 12 V.S.A. §§ 5711 *et seq*.  That argument fails for at least three reasons.  First, the privilege created by the Vermont Uniform Mediation Act does not apply in the context of their federal procedural due process claim, *see generally* Federal Rule of Evidence 501 (federal privilege law governs claims under the U.S. Constitution); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 835 F.3d 1155, 1158 (9th Cir. 2016) (state mediation privilege does not apply to federal claims), and Plaintiffs have not cited any other mediation privilege that would protect the documents requested.

Second, even if some form of mediation privilege did apply to the documents requested in Request to Produce 4, "mediation privilege" is not absolute.  BTC is entitled to demonstrate that communications responsive to Request to Produce 4 are necessary for it to defend Plaintiffs claims.  *Cf. In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011) (party may be entitled to discovery of mediation materials upon showing of sufficient need).  Here, Plaintiffs have put the meaning of the Settlement Agreement and related documents directly at issue.  In the event the Court considers those documents ambiguous, BTC would be entitled to discover evidence regarding Plaintiffs' intent in entering into those agreements and circumstantial evidence of their meaning.  Plaintiffs should be compelled to respond to Request to Produce 4.

**III.    The Court should order Plaintiffs to produce a privilege log.**

In Request to Produce 6, BTC requested a log of all documents Plaintiffs have withheld as privileged.  Under Fed. R. Civ. P. 26, a party asserting a privilege must "describe the nature of the documents . . . in a manner that . . . will enable the other parties to assess the claim."  "To that end, a privilege log should identify each document and the individuals who were parties to

the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Knapik v. Mary Hitchcock Mem. Hosp.*, No. 5:12-cv-175, 2014 WL 12717392, at *4 (D. Vt. May 27, 2014) (citation omitted). Request to Produce 6, which asks only that Plaintiffs generally describe the documents they are withholding as privileged, is plainly consistent with this requirement. Indeed, a privilege log is particularly important in this case given that Plaintiffs' counsel was also a party to the Settlement Agreement forming the basis of their claims. *See* Settlement Agreement and Exhibit A (Plaintiffs counsel signed agreement, and is listed in group of petitioners on whose behalf one of the original lawsuits was brought). In light of this fact, BTC must be given the opportunity to analyze in detail Plaintiffs' claims of privilege to determine whether and to what extent communications involving Plaintiffs' counsel fall within the relevant attorney-client privilege. The Court should order Plaintiffs to produce a privilege log so that BTC has the opportunity to assess their claims of privilege.

**IV.     The Court should award BTC its attorney's fees incurred in preparing this Motion.**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). Only if the opposing party's position was "substantially justified" or if "other circumstances make an award of expenses unjust," can an opposing party avoid sanctions. *Id.*; *see Arroyo v. Milton Academy*, No. 5:10-cv-117, 2011 WL 13217008 (D. Vt. June 3, 2011). BTC respectfully requests that the Court award sanctions here. Plaintiffs' refusal to respond to the discovery outlined above is not substantially justified, particularly with respect to their ongoing refusal to

provide a privilege log, and there are no circumstances present that would make an award of sanctions unfair.

## Conclusion

For the foregoing reasons, BTC respectfully requests that the Court grant this Motion and order Plaintiffs (1) to respond to Interrogatory 8, (2) respond to Request to Produce 4, and (3) produce a privilege log – as requested in Request to Produce 6 – so that BTC can asses Plaintiffs' claims of privilege.

Dated at Burlington, Vermont this 21st day of November, 2018.

DUNKIEL SAUNDERS ELLIOTT
RAUBVOGEL & HAND PLLC


By:   /s/ Karen L. Tyler_____
      Brian Dunkiel, Esq.
      Karen Tyler, Esq.
      Jonathan Rose, Esq.
      91 College Street
      Burlington, Vermont 05401
      (802) 860-1003
      bdunkiel@dunkielsaunders.com
      ktyler@dunkielsaunders.com
      jrose@dunkielsaunders.com

      Attorneys for Defendants BTC Mall
      Associates, LLC and Devonwood Investors,
      LLC