UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BARBARA MCGREW, LYNN )
MARTIN, MICHAEL LONG )
and STEVEN GOODKIND, )
 )
    Plaintiffs )
 )
    v. )
 )    Civil Action No. 5:18 cv-58
CITY OF BURLINGTON, )
VERMONT, DEVONWOOD )
INVESTORS, LLC and )
BTC MALL ASSOCIATES, LLC )
 )
    Defendants )

**DEFENDANTS DEVONWOOD INVESTORS, LLC'S AND BTC MALL ASSOCIATES, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE**

As Devonwood Investors, LLC and BTC Mall Associates, LLC (collectively, "BTC") explained in their Motion to Extend the Expert Disclosure Deadline [Doc. 58], the *potential* need for expert testimony in this case is clear, but whether and what expert testimony is needed will depend on how the Court decides BTC's and the City of Burlington's ("City") pending motions to dismiss [Doc. 6 & 13]. BTC argues that this matter must be dismissed because Plaintiffs have no property interest protected under the due process clause of the 14th Amendment as a matter of law. If the Court disagrees, its ruling on BTC's motion to dismiss should define Plaintiffs' property interest, and the Court will need to decide two additional issues in the latter stages of the litigation. First, the Court would determine whether the disputed permit amendments infringed upon Plaintiffs' property interest. If the answer is no, then Plaintiffs were not entitled to any special process under the 14th Amendment with respect to the City's consideration of the permit amendments, as Plaintiffs' property interest was not at stake in the City's proceedings,

and this matter should be dismissed on that basis. If the answer is yes, the Court would go on to decide what process the City should have afforded Plaintiffs to protect their 14th Amendment interest.

Plaintiffs contend that their alleged property interest derives from the language of a settlement agreement providing for a particular project design subject to "engineering . . . constraints."[1] The Court's determination of whether the disputed permit amendments infringed upon Plaintiffs' alleged property interest may therefore require the Court to decide whether the permit amendments were incompatible with the project design described in the settlement agreement. This would depend in part on whether "engineering constraints" necessitated the amendments, and BTC would present expert testimony on that subject. But again, the need for such testimony depends on how the Court decides BTC's motion to dismiss, and specifically on how it defines Plaintiffs' 14th Amendment property interest if BTC's motion is denied. At the moment, and until the Court decides the pending motions to dismiss, BTC does not know whether it needs an expert or the subject matter of that expert's potential testimony.

BTC is not suggesting that this Court will or should decide the merits of Plaintiffs' concerns regarding the substance of the permit amendments in lieu of the Environmental Division of the Vermont Superior Court, as Plaintiffs contend. This Court will not decide whether the City approved the permit amendments in compliance with its ordinances or state law (other than with respect to public notice requirements), and would not consider expert testimony for this purpose. Rather, as previously discussed, this Court might need to consider expert testimony in order to determine whether the permit amendments deprived Plaintiffs of a 14th Amendment property interest.[2]

---

[1] This Settlement Agreement is Exhibit 1 to BTC's Motion to Dismiss [Doc. 6].
[2] Plaintiffs cite commentary in the dissenting opinion to *Village of Belle Terre v. Boraas* that a federal court should

Finally, Plaintiffs would not be prejudiced by the extension BTC has requested. *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (extension is prejudicial if it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute"). BTC expects that any delay would be minimal, given the Court's suggestion at the September 14 hearing that it would not take long to decide the pending motions. Under these circumstances, good cause exists for the requested extension of the expert disclosure deadline. *See Patient A v. Vermont Agency of Human Servs.*, No. 5:14-cv-000206 (Aug. 18, 2015) (extending expert disclosure deadline to allow decision on pending motion for summary judgment).

## **Conclusion**

For the foregoing reasons, and for the reasons discussed in BTC's Motion for an Extension of the Expert Disclosure Deadline, BTC respectfully requests that the Court extend its expert disclosure deadline until 30 days after the Court has decided the pending motions to dismiss.

---

not "sit as a zoning board of appeals." 416 U.S. 1, 13 (1974). BTC does not disagree, and indeed cites other cases making this important point in support of its arguments that Plaintiffs have no 14th Amendment property interest. *See,* Devonwood Investors, LLC's and BTC Mall Associates, LLC's Reply Memorandum in Support of Motion to Dismiss [Doc. 15], *citing, Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54 (2d Cir. 1985); *RRI Realty Corp. v. Incorporated Village of Southhampton,* 870 F.2d 911 (2d Cir. 1989); *Gagliardi v. Village of Pawling,* 18 F.3d 188, 192 (2d Cir. 1994).

                DUNKIEL SAUNDERS ELLIOTT
                RAUBVOGEL & HAND, PLLC


By:   /s/ Karen L. Tyler
       Brian Dunkiel, Esq.
       Karen Tyler, Esq.
       Jonathan Rose, Esq.
       91 College Street
       Burlington, Vermont 05401
       (802) 860-1003
       bdunkiel@dunkielsaunders.com
       ktyler@dunkielsaunders.com
       jrose@dunkielsaunders.com

       Attorneys for Defendants BTC Mall
       Associates, LLC and Devonwood Investors,
       LLC